UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                    Criminal No. 4:00cr40023
                      Civil No. 05-4073

ELBERT L. JOHNSON                           DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Movant, Elbert L. Johnson (hereinafter "Johnson"), an inmate of the Federal Bureau of

Prisons, filed a motion on October 3, 2005, styled "Motion for Resentencing." (Doc. #124)  By

order entered on October 3, 2005, the motion was referred to the undersigned. (Doc. #125)  On

October 18, 2005, the undersigned entered an order construing the pending motion as a motion

to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.  (Doc. #126)  The pending

motion was ordered served upon the United States. (Doc. #128)  On December 13, 2005, the

United States filed a response.  (Doc. #130)  On January 3, 2005, Johnson filed a reply to the

response.  (Doc. #131)

## Procedural Background:

On November 15, 2000, an indictment was filed in this court charging Johnson with: (1)

one count of conspiracy to distribute more than five kilograms of cocaine, in violation of *21*

*U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II) & 846*; (2) one count of use of a communication facility,

specifically a cellular telephone, to facilitate the commission of the conspiracy alleged in count

one in violation of *21 U.S.C. § 843(b)*; and, (3) one count of possession with intent to distribute

more than five kilograms of cocaine in violation of *21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii)(II)*.

(Doc. #7)   On April 26, 2001, count two of the indictment was dismissed on motion of the

United States.  (Doc. #63)

The remaining charges against Johnson were tried to a jury on May 1-3, 2001.  Johnson was convicted of counts one and three.  (Doc. #68)  On August 6, 2001, Johnson was sentenced to concurrent terms of imprisonment of 260 months on each count.  (Doc. #75)  The conviction and sentences were appealed and were affirmed. (Doc. #90) *United States v. Johnson* 285 F.3d 744 (8th Cir. 2002).

On April 4, 2003, Johnson filed a motion herein seeking relief from his conviction and the sentences imposed against him, seeking correction of the record and seeking dismissal of the case for lack of personal jurisdiction.  (Doc. #92)  Johnson's motion was referred to the undersigned by order of this court entered on October 28, 2003.  (Doc. #94)  In a report and recommendation entered on February 3, 2003, the undersigned recommended that Johnson's motion be construed as one brought under *28 U.S.C. § 2255* and that Johnson's claims be denied. (Doc. #104)  These recommendations were adopted by this court by order entered on March 8, 2002.  (Doc. #110)  On March 24, 2004, Johnson filed a motion seeking reconsideration of this court's order.  (Doc. #112)

On February 5, 2004, Johnson filed in this court a pleading styled "petition/application by defendant Elbert L. Johnson for a bill of review in the nature of a collateral attack to vacate a void judgment.," (Doc. #105) and memorandum. (Doc. #106) By report and recommendations filed on February 27, 2004, the undersigned recommended that Johnson's efforts to present additional claims be denied and that the motion and memorandum be dismissed.  (Doc. #108) On April 1, 2004, this court entered an order adopting the recommendations, dismissing the motions filed on February 5, 2004, and denying Johnson's motion for reconsideration.  (Doc. #113)

Johnson filed a notice of appeal and a motion seeking a certificate of appealability. (Doc. #114 and 115) This court denied a certificate of appealability by order entered on June 23, 2004, (Doc. #120) and on January 28, 2005, a certified copy of a judgment from the United States Court of Appeals for the Eighth Circuit denying Johnson's application for a certificate of appealability was entered herein. (Doc. #123)

On October 18, 2005 Johnson filed the *§ 2255* motion now before this court. (Doc. #127) In its response, the United States asserts that this court lacks jurisdiction to consider the pending motion because Johnson has not obtained authorization from the United States Court of Appeals for the Eighth Circuit to file a second or successive *§ 2255* motion. (Doc. #130) We agree.

We further find that the motion is substantively without merit.

**Discussion:**

By his pending motion, Johnson attacks his sentences, asks that they be set aside and that he be resentenced, alleging that he was unconstitutionally sentenced per the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Specifically, he argues that his sentences were enhanced by virtue of the sentencing court's consideration of facts which were not established by his pleas of guilty, by a jury verdict or by his own admission. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. at 756. (Doc. #124) Such relief is properly sought by a motion to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255*. This statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming a right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

...

*28 U.S.C. § 2255*; *see also United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000)(a challenge to a federal conviction is most appropriately brought as a motion under *28 U.S.C. § 2255*). We thus construe the pending motion as one brought under *28 U.S.C. § 2255.*

This court lacks jurisdiction to consider this, Johnson's second, *§ 2255* motion absent authorization from the United States Court of Appeals for the Eighth Circuit. *See 28 U.S.C. § 2255* (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider a second or successive *§ 2255* application); *Rodgers v. United States*, 229 F.3d 704, 705 (8th Cir. 2000)(A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*).

As this court lacks jurisdiction to consider Johnson's pending second and successive *§ 2255* motion absent authorization from the Court of Appeals, this court may take no further action in this matter pending a decision of the Court of Appeals and the pending motion is subject to dismissal. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals).

Further, we find that evidentiary hearing is not required in this case as the motion, response and record herein reveal that dismissal of the petition is appropriate. *Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts* (if it appears that an evidentiary hearing is not required the judge shall make such disposition of the petition as justice

shall require); *see also Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991).[1]

**Conclusion:**

Based upon the foregoing analysis, it is recommended that Johnson's pending motion (Doc. #127) be dismissed.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of January 2006.


*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

---

[1]Although this court lacks jurisdiction to consider the merits of Johnson's pending motion, it is clear the motion is substantively without merit as the rule "announced in *Booker* does not apply to criminal convictions that became final before the rule was announced." *Lenford Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (2005). As *Booker* was decided in 2005 and Johnson was sentenced in 2001, the rule of *Booker* does not apply to Johnson's case.