IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF/RESPONDENT

VS.                         Criminal Case No. 4:00-CR-40023
                            Civil Case No. 05-CV-4073

ELBERT L. JOHNSON                                       DEFENDANT/MOVANT

# ORDER

Before the Court is the Report and Recommendation filed January 24, 2006, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 132) Movant Elbert L. Johnson has timely filed his objections to the Report and Recommendation. (Doc. 133) After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

The movant, Elbert L. Johnson, is currently an inmate of the Federal Bureau of Prisons, serving a 260 month sentence imposed by this Court[1] after a jury convicted him of one count of conspiring to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), & 846, and one count of possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii)(II).[2] Johnson attempts to attack his sentences and asks that they be set aside and that he be re-sentenced. Johnson believes his sentences are unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, he argues that his sentences were enhanced by virtue of this

---

[1] Doc. 75.

[2] Doc. 68.

Court's consideration of facts for sentencing which were not established by his pleas of guilty, by a jury verdict, or by his own admission. *See Booker*, 534 U.S. 220.

Judge Shepherd construes Johnson's request as a motion brought under 28 U.S.C. § 2255. Judge Shepherd believes this Court lacks jurisdiction to consider the motion because it is Johnson's second motion brought pursuant to § 2255 and Johnson has not received required authorization from the United States Court of Appeals for the Eighth Circuit to file a second or successive motion under § 2255. *See Rodgers v. United States*, 229 F.3d 704, 705 (8th Cir. 2000). The Court agrees with Judge Shepherd that it lacks jurisdiction over Johnson's motion and that an evidentiary hearing is not necessary. Furthermore, the Court also agrees with Judge Shepherd that Johnson's motion is substantively without merit because the rule "announced in *Booker* does not apply to criminal convictions that became final before the rule was announced." *Never Misses a Shot v. United States*, 413 F.3d 781, 783-4 (2005). *Booker* was decided in 2005, and the Court sentenced Johnson in 2001. The rule of *Booker* does not apply to Johnson's case. The Court finds Johnson's pending motion should be and hereby is dismissed.

IT IS SO ORDERED, this 3rd day of March, 2006.

    /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    U.S. District Court