IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

VS.                           Criminal Case No. 4:00-CR-40023

ELBERT L. JOHNSON                                                DEFENDANT/MOVANT

### ORDER

Before the Court is Elbert Johnson's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 135). Johnson has also filed various motions to amend/correct his original motion. (Docs. 138, 147, and 148). The Government responded to Johnson's original motion, arguing that Amendment 706, which relates to cocaine base ("crack"), does not apply to Johnson's case because his conviction involved powder cocaine rather than crack. (Doc. 142). Johnson replied, arguing that the Government's response was beside the point because he was seeking a reduction in sentence based on Amendments 591, 707, and 709. (Doc. 143). The Government filed a second response, arguing that none of these Amendments support a reduction in Johnson's sentence. (Doc. 146). As noted, Johnson filed additional pleadings styled as "Motions to Amendment" in support of the requested sentence reduction. (Docs. 147 and 148). The Court finds the matter ripe for consideration.

Under § 3582(c)(2), the Court may modify a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Further

elaboration of the requirements for a reduction in sentence is found in United States Sentencing Guidelines § 1B1.10, which provides, in relevant part:

> (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> ***
>
> (c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

U.S.S.G. § 1B1.10.

Applying the statute to Johnson's arguments, the Court concludes that no reduction in sentence is available under § 3582(c)(2). Johnson relies on Amendments 591, 707, and 709 to support his arguments for a sentence reduction. Under the plain language of U.S.S.G. § 1B1.10, an amendment must be listed in subsection (c) for it to be the basis of a reduction as provided by § 3582(c)(2). Because Amendments 707 and 709 do not appear in subsection (c), Johnson cannot rely on those Amendments to support a reduction in sentence under § 3582(c)(2). While Amendment 591 does appear in subsection (c), it is not applicable to Johnson. First, Amendment 591 was in place prior to Johnson's sentencing, and thus does not implicate a "subsequent" lowering of the

guideline range.  *See United States v. Alvarez*, 210 F.3d 309 (5th Cir. 2000) (per curiam).  Furthermore, as noted in the Government's second response, Amendment 591 addressed a circuit split about when to apply enhanced penalties for drug offenses occurring near schools.  *See* U.S.S.G. § 2D1.2 (Drug Offenses Occurring Near Protected Locations of Involving Underage or Pregnant Individuals); U.S.S.G. Amend. 591 Reason for Amendment.  Because Johnson's conduct did not involve any factors addressed in §2D1.2, Amendment 591 is simply inapplicable to his case.

Wherefore, upon consideration, Johnson's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) should be and hereby is **DENIED**.  (Doc. 135).  Because the Court considered the arguments pressed in the various iterations of the original motion in reaching its decision, Johnson's Motions to Amend/Correct are likewise **DENIED** as moot.  (Docs. 138, 147, and 148).  All other outstanding motions are **DENIED** as moot.

IT IS SO ORDERED, this 10th day of December, 2010.

                                                                      /s/ Harry F. Barnes  
                                                                      Hon. Harry F. Barnes  
                                                                      United States District Judge