IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

v.                          Case No. 4:00-cr-40023

ELBERT JOHNSON                                                DEFENDANT

**ORDER**

Before the Court is Defendant Elbert Johnson's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 161). The government has responded. (ECF No. 167). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On November 16, 2000, Defendant was indicted on three counts: (1) conspiracy to distribute more than five grams of cocaine, (2) the use of a communication facility to facilitate the commission of the conspiracy, and (3) possession with intent to distribute more than five kilograms of cocaine. Defendant proceeded to trial and a jury found him guilty on counts one and three. On August 6, 2001, the Court[1] sentenced him to 360 months' imprisonment on each count, to run concurrently, as well as a $25,000.00 fine, a 5-year term of supervised release, and a special assessment of $200.00.

On September 17, 2019, Defendant, now eighty-three years old, filed a motion seeking a compassionate-release sentence reduction pursuant to Section 603(b) of the First Step Act of 2018 ("FSA") due to his advanced dementia, functional and cognitive impairments, deteriorating

---

[1] The Honorable Harry F. Barnes presided over this case at the time.

physical and mental health, and diminished capacity to care for himself within a correctional facility. Defendant also asks that the Court modify the conditions of his supervised release to allow him to live at the Luling Care Center in Luling, Texas. The government opposes the motion.

## II. DISCUSSION

As stated above, Defendant seeks a compassionate-release reduction of his sentence pursuant to the FSA. The government contends that a compassionate release is not appropriate in this case.

"A court's ability to modify a sentence after it has been imposed is extremely limited." United *States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *2 (N.D. Iowa Jan. 8, 2020). One way a court may modify a sentence is through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the FSA. Pub. L. No. 115-391, 132 Stat. 5194, at 5239.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court will address those issues in turn. However, the Court must first determine whether Defendant's motion is properly raised.

**A. Exhaustion of Remedies**

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [Bureau of Prisons ("BOP")] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. *See* Federal Bureau of Prisons, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited March 24, 2020). In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the U.S. Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden of the defendant's BOP facility denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.[2] 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant has shown that he sought a compassionate release from the warden of his BOP facility. The warden approved the request, which then went to the BOP general counsel for consideration. The BOP general counsel denied the request, nothing that although Defendant's health meets the criteria for a compassionate release, his release would minimize the severity of his offense and pose a danger to the community. The general counsel's denial of Defendant's compassionate release request is a final administrative decision, and thus, Defendant exhausted his administrative remedies within the BOP.

Consequently, the instant motion is properly before the Court. Now the Court must determine whether extraordinary and compelling reasons exist to justify a compassionate release and, if so, whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction and whether Defendant's release would pose a danger to the community.

**B. Extraordinary and Compelling Reasons**

Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG")

---

[2] If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i).

as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).[3] *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A). This policy statement limited "extraordinary and compelling reasons" to only include the following four circumstances:

> (A) Medical Condition of the Defendant. –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the

---

[3] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance). For purposes of the instant motion, the Court will assume, without deciding, that the pre-FSA policy statement still applies because, as discussed in this section, Defendant has shown extraordinary and compelling reasons even under the narrower pre-FSA policy statement.

5

aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues, and the government does not dispute, that extraordinary and compelling reasons exist because he suffers from a terminal illness, advanced dementia. Indeed, the Sentencing Commission's pre-FSA policy statement specifically listed advanced dementia as an example of a terminal illness that constitutes extraordinary and compelling reasons. Thus, the Court agrees that Defendant's advanced dementia presents an extraordinary and compelling reason that justifies a compassionate release. The question now becomes whether the applicable section 3553(a) sentencing factors support a compassionate release and whether Defendant's release would pose a danger to the community.

**C. Section 3553(a) Factors**

The Court must also determine whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a compassionate release, to the extent that any are applicable. That statute provides:

(a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

6

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that, although his underlying offenses and his criminal history qualified him for the serious sentence the Court imposed on him, his decline in health since then supports a finding that he is unlikely to recidivate. He argues that he has served roughly nineteen years of incarceration, which is sufficient to provide punishment for his offense, and thus, the section 3553(a) factors now support a compassionate release. The government argues otherwise, stating that the relief sought would minimize the severity of Defendant's offenses and, moreover, that

Defendant's criminal history and prison disciplinary violations weigh against a compassionate release.[4]

Although Defendant has had multiple disciplinary violations since his incarceration in 2001, the record indicates that most of them occurred over a decade ago, with the most recent occurring nearly three years ago. The Court finds that a reduction in Defendant's sentence to time served is sufficient to serve the purposes of punishment under section 3553(a)(2). Given his advanced dementia, a longer sentence would be greater than necessary to serve those purposes. Defendant will have served roughly nineteen years of incarceration, which reflects the seriousness of his offenses, promotes respect for the law, provides just punishment for the offenses, affords adequate deterrence to criminal conduct, and protects the public from further crimes. As such, the applicable section 3553(a) factors support Defendant's request for compassionate release.

### D. Danger to the Community

The Sentencing Commission's pre-FSA policy statement also provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the following factors the Court must consider in determining whether a defendant should be detained:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal

---

[4] The BOP's general counsel denied Defendant's compassionate-release request for the same reasons. However, that decision is not binding on the Court, as "the terms of the First Step Act give courts independent authority to grant motions for compassionate release and says nothing about deference to [BOP], thus establishing that Congress wants courts to take a *de novo* look at compassionate release motions." *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *13 (M.D.N.C. June 28, 2019).

8

> crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Upon consideration of the relevant factors set out above, the Court believes that Defendant will not be a danger to the community if released. Given his advanced age, terminal illness, and deteriorating mental and physical health, the Court does not believe that Defendant is likely to recidivate or that he would otherwise pose a danger to the community. Moreover, the Court finds that any potential risk to the community can be managed by a term of supervised release. *Schmitt*, 2020 WL 96904, at *5. Accordingly, the Court finds that compassionate release is appropriate under Defendant's particular circumstances.

### E. Modification of Supervised Release

Once released, Defendant will be required to serve a five-year term of supervised release. Defendant asks that the Court modify the conditions of his supervised release to allow him to live at Luling Care Center, a nursing home in Luling, Texas. The government did not respond to this request.

The Court may, in its discretion, modify a condition of supervised release at any time prior to the expiration of the supervised release term, pursuant to the provisions governing the initial setting of supervised release conditions. 18 U.S.C. § 3583(e)(2); *United States v. Johnson*, 529 U.S. 53, 60 (2000). Specifically, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in setting the conditions of supervised release. 18 U.S.C. § 3583(e).

Although the Court generally must hold a hearing before modifying the conditions of supervised release, a hearing is not required if: (1) the relief sought is favorable to the defendant and does not extend the term of supervised release; and (2) the government has received notice of the relief sought, had a reasonable opportunity to object, and did not do so. Fed. R. Crim. P. 32.1(c)(2)(B-C). The Court concludes that no hearing is necessary, as the relief sought is favorable to Defendant, does not extend the term of supervised release, and the government had a chance to respond to the request for modification but did not do so.

The Court finds that, after considering the applicable factors, Defendant's requested modification to the conditions of his supervised release is imminently reasonable. Therefore, the Court will modify the conditions of his supervised release to allow him to reside at the Luling Care Center in Luling, Texas. The other conditions of his supervised release will remain as previously imposed.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 161) should be and hereby is **GRANTED**. Defendant is hereby granted a compassionate release pursuant to the FSA and his sentence is reduced to time served. Moreover, the conditions of Defendant's supervised release are modified to allow him to live at the Luling Care Center in

Luling, Texas, and be supervised by the United States Probation Office there.  All other conditions of Defendant's supervised release remain as previously imposed.

**IT IS SO ORDERED**, this 24th day of March, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge